In the Matter of Dwight
(NMN) WALTON.

No. C9–92–1749.

Supreme Court of Minnesota.

Jan. 14, 1994.

Harry E. Eliason, South St. Paul, for appellant.

James C. Backstrom, Dakota County Atty., Pauline M. Halpenny, Asst. County Atty., Hastings, for respondent.

SIMONETT, Justice.

Dwight Walton was determined to be a "psychopathic personality" as defined by Minn.Stat. § 526.09 (1992) and was committed to the Minnesota Security Hospital for an indefinite period of time. He appeals the decision of the court of appeals affirming the commitment order. Specifically, Walton challenges the constitutionality of sections 526.09–.10 in light of the United States Supreme Court's decision in *Foucha v. Louisiana*, —— U.S. ——, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). We find our holding in *In re Blodgett*, 510 N.W.2d 910 (Minn.1994) controlling and affirm.

Walton's history of sexual violence began in 1986, when he was convicted of first and third degree criminal sexual conduct and sentenced to 43 and 32 months, respectively. In prison, appellant participated in several treatment programs for sex offenders. He was released on August 15, 1989.

Less than a year later, on July 21, 1990, Walton broke into a second floor apartment after observing it was occupied by a woman and her daughter. Although he fled when the woman awoke and screamed, Walton admitted he intended to rape the woman. Two months later, during an evening of drinking with a group of friends, Walton partially disrobed a sleeping woman and briefly fondled her breasts and genital area. Walton was charged with attempted criminal sexual conduct in the third degree. This charge and a burglary charge from the July 21 incident were dropped in exchange for Walton's plea of guilty to fourth degree criminal sexual conduct, for which he was sentenced on October 15, 1990, to 29 months less time served. Walton was scheduled to be released on May 2, 1992.

In February of 1992, staff at Oak Park Heights referred Walton to the Dakota County Attorney's Office to be screened for commitment as a psychopathic personality. The county attorney filed a commitment petition on April 17, 1992. The initial hearing was held on April 29 and 30 before the Honorable Patrice K. Sutherland. Judge Sutherland concluded that the state had met its burden of proof "by presenting clear and convincing evidence that [appellant] meets the statutory criteria of a Psychopathic Personality" as defined in Minn.Stat. § 526.09 (1992). She ordered appellant committed to the Minnesota Security Hospital (MSH) for a 60–day evaluation.

On June 24, 1992, Dr. Michael Farnsworth of MSH filed the 60–day report with the court, labelling appellant a "recidivist sex offender" who, while not mentally ill, may be dangerous. After the final hearing, held on July 8 and 15, the court confirmed its prior conclusions, found Minn.Stat. § 526.09 constitutional, and ordered appellant committed indefinitely to MSH as a psychopathic personality. The court of appeals affirmed the judgment of the trial court, finding its decision in *In re Blodgett*, 490 N.W.2d 638 (Minn. App.1992), controlling. *See In re Walton*, No. C9–92–1749, slip op. at 3–4, 1992 WL 383448 (Minn.App. Dec. 29, 1992) (unpublished).

In *In re Blodgett*, 510 N.W.2d 910 (Minn. 1994), we held that the Psychopathic Personality Statutes, Minn.Stat. §§ 526.09–.10 did not violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. Our

holding in *Blodgett* controls the disposition of Walton's appeal. The decision of the court of appeals affirming the trial court's order of commitment is affirmed.

Affirmed.

WAHL, Justice (dissenting).

For reasons stated in my dissent in *In re Blodgett,* released today, I respectfully dissent.

KEITH, Chief Justice (dissenting).

I join the dissent of Justice Wahl.

TOMLJANOVICH, Justice (dissenting).

I join the dissent of Justice Wahl.